# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS BERRY | ) | CASE NO. 1:24-cv-01731 |
| | ) | |
| Plaintiff | ) | JUDGE GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE ARMSTRONG |
| | ) | |
| HAZA Wendy's LLC | ) | **ANSWER OF DEFENDANT HAZA WENDY'S LLC** |
| | ) | |
| Defendant | ) | |
| | ) | (JURY DEMAND ENDORSED HEREON) |

Now comes Defendant HAZA Foods of Northeast, LLC incorrectly identified as "HAZA Wendy's LLC" and for its Answer to the Complaint filed by Plaintiff Carlos Berry ("Plaintiff" or "Berry"), states as follows:

## PARTIES AND VENUE

1. In response to Paragraph I. A. of the Complaint, Defendant admits that Berry is the Plaintiff in this matter. Defendant denies any remaining allegations stated therein for want of knowledge.

2. In response to Paragraph I. B. of the Complaint, Defendant admits that Plaintiff has named HAZA Wendy's LLC as a Defendant in this matter but states that the legal entity operating at the address listed therein is HAZA Foods of Northeast, LLC. Defendant denies any remaining allegations stated therein for want of knowledge.

3. In response to Paragraph II of the Complaint, Defendant states that the basis for the Court's jurisdiction calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations for want of knowledge.

4. In response to Paragraph II. A. of the Complaint, Defendant states that Plaintiff did not identify specific federal statutes, treaties and/or provision of the United States Constitution that are at issue in this case and as such no response is required. To the extent that a response is required, Defendant denies the allegations for want of knowledge.

5. In response to Paragraph II. B. 1. a. of the Complaint, Defendant states that whether there is diversity of citizenship between the parties calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations for want of knowledge.

6. In response to Paragraph II. B. 2. b. of the Complaint, Defendant states that whether there is diversity of citizenship between the parties calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations stated therein.

7. Defendant denies the allegations stated in Paragraph II. B. 3. of the Complaint.

8. Defendant denies the allegations stated in Paragraph III. of the Complaint for want of knowledge.

9. Defendant denies the allegations stated in Paragraph IV. of the Complaint and denies that Plaintiff is entitled to the relief requested.

10. In response to Paragraph V. of the Complaint, Defendant states that no allegations are set forth therein and as such no response is required.

11. Defendant denies every allegation in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state claims upon which relief can be granted.

2. This Court lacks subject matter jurisdiction over some or all of the claims alleged in the Complaint.

3. This Court lacks personal jurisdiction over Defendant HAZA Foods of Northeast, LLC.

4. *Farragher/Ellerth* defense.

5. Plaintiff's claims are barred, in whole or in part, for failure to comply with the requirements of Chapter 4112 of the Ohio Revised Code.

6. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or failure to exhaust administrative remedies.

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

8. Plaintiff's claims must be dismissed (and Plaintiff is not entitled to recover back-pay, front-pay, or any other compensatory or other damages), because Defendant did not terminate Plaintiff's employment.

9. Plaintiff's claims are barred, in whole or in part, because Defendant has at all relevant times herein, acted in good faith and has not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

10. Plaintiff's claims are subject to and fail under the business judgment rule.

11. Plaintiff's claims are barred because Defendant has at all relevant times herein, acted in good faith and has not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

12. Plaintiff's claims are barred, in whole or in part, because any decision made by Defendant regarding Plaintiff's employment was made for legitimate, non-discriminatory, non-retaliatory and non-pretextual reasons.

13. Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

14. Plaintiff's claims are barred because there is no causal connection between any alleged protected conduct by Plaintiff and any adverse employment action (which it denies), and there is no evidence of animus by Defendant against Plaintiff.

15. To the extent that Plaintiff has suffered any damages or injuries, which Defendant denies, such damages or injuries were not caused by Defendant's actions or conduct.

16. Plaintiff has failed to mitigate his alleged damages.

17. Any damages recovered by Plaintiff must be offset by any compensation (monetary or non-monetary) that Plaintiff received or could have received during the period covered by any damage award.

18. Plaintiff is not entitled to back pay, front pay, benefits, compensatory damages, liquidated damages, pre-judgment, post-judgment interest, attorneys' fees or litigation costs and Plaintiff's prayers for such relief should be denied.

19. Plaintiff is not entitled to punitive damages because Defendants did not engage in willful or intentional discriminatory or retaliatory conduct and did not engage in conduct with malice or reckless indifference to Plaintiff's rights.

20. Plaintiff's claims for compensatory damages, if any, are barred or must be reduced on account of Ohio Rev. Code §§ 2315.18, 2315.19, 2315.20, 2315.21.

21. Defendant invokes the defenses, protections and limitations of Title VII of the Civil Rights Action of 1964 as amended, the Age Discrimination in Employment Act of 1967 as amended and the Americans with Disabilities Act of 1990 as amended.

22. 42 U.S.C. § 1981a imposes a cap on non-economic and punitive damages.

23. Defendant expressly reserves the right to raise and pursue additional defenses as the case proceeds.

WHEREFORE, having fully answered the Complaint, Defendant HAZA Foods of Northeast, LLC demands that the Complaint be dismissed at Plaintiff's costs; that judgment be entered in its favor; and that it recover its costs and expenses, including reasonable attorneys' fees, and any other further relief to which it may be entitled at law or in equity or as this Court deems just and appropriate.

Respectfully submitted,

**ZASHIN & RICH CO., L.P.A.**

*/s/Scott Coghlan*
Scott Coghlan (0059856)
950 Main Ave., 4th Floor
Cleveland, OH 44113
T: 216-696-4441
F: 216-696-1618
sc@zrlaw.com
*Attorney for Defendant HAZA Foods of Northeast, LLC*

## JURY DEMAND

Defendant demands a jury trial pursuant to Fed. R. Civ. P. 38 of those issues that may be triable by jury.

*/s/Scott Coghlan*
Scott Coghlan (0059856)
*Attorney for Defendant HAZA Foods of Northeast, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Answer of Defendant Haza Wendy's LLC* was filed electronically on October 28, 2024. Service of this filing will be made on all ECF-registered counsel or parties by operation of the court's electronic filing system. Plaintiff was served by regular U.S. Mail, postage prepaid, at:

Carlos Berry
6951 Paula Drive
Middleburg Heights, OH 44130
Plaintiff

    */s/Scott Coghlan*
    Scott Coghlan (0059856)
    *Attorney for Defendant HAZA Foods of Northeast, LLC*