IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS BERRY, | ) | CASE NO. 1:24-CV-01731 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE JENNIFER |
| | ) | DOWDELL ARMSTRONG |
| HAZA FOODS OF NORTHEAST, | ) | |
| LLC | ) | **AMENDED COMPLAINT** |
| | ) | |
| Defendant. | ) | **JURY DEMAND ENDORSED** |
| | ) | **HEREON** |

Now comes the Plaintiff, Carlos Berry, by and through undersigned counsel, and hereby respectfully submits his Amended Complaint against Defendant Haza Foods of Northeast, LLC as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. At all relevant times to this action, Plaintiff Carlos Berry ("Berry") is an employee of Defendant Haza Foods of Northeast, LLC. Berry has been employed by Haza Foods since February 2, 2022. As discussed herein, Berry asserts that he was discriminated against and denied an accommodation based on his religion.

2. At all relevant times to this action, Defendant Haza Foods of Northeast, LLC ("Haza Foods") was Berry's employer. Haza Foods owns and operates seventy-three Wendy's quick service restaurants in the State of Ohio, including the Wendy's franchise where Berry is employed, located at 15170 E. Bagley Road, Middleburg Heights, Ohio 44130 ("Wendy's").

1

3. This action arises under the laws of the United States, and jurisdiction is conferred on this Court under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4. Venue is proper in the Northern District of Ohio because all wrongful acts and omissions as alleged herein were committed in the Northern District at the Wendy's restaurant in Middleburg Heights.

**STATEMENT OF FACTS**

5. The Plaintiff realleges and incorporates all preceding paragraphs as if the same were fully set forth here.

6. Berry was not allowed to be clocked into work for a period of time because of religious items he wore.

7. Berry wore a head wrap, known as a Metri, and fringes on his shirt.

8. The items Berry wore were consistent with his religion's requirements.

9. Berry is a Black male Hebrew Israelite.

10. Berry informed Haza Foods that he needed to wear a head wrap and fringes on his shirt due to his religion.

11. Haza Foods denied Berry's religious accommodations request.

12. Luay Sukarieh was the former general manager at Wendy's before Haza Foods promoted Sukarieh to regional manager.

13. Sukarieh was Berry's direct supervisor.

14. Sukarieh denied Berry's request to wear a head wrap and fringes at work.

15. Sukarieh told Berry that he could not work because he was out of uniform.

16. Berry was wearing a head wrap and fringes for religious reasons, which was not an issue until Berry revealed his religion, Israelite Judaism.

17. Until that reveal, Sukarieh believed he and Berry shared the same religion.

18. That ended once Sukarieh saw a Star of David on Berry's watch and asked about it.

19. Sukarieh told Berry that he had to wear the Wendy's issued baseball hat on top of his head wrap or in place of it.

20. Because of his religion, Berry refused to do so.

21. Consequently, Sukarieh reduced Berry's work hours and caused Berry emotional distress.

22. Sukarieh failed to appropriately handle Berry's religious accommodations request.

23. Additionally, Sukarieh scheduled Berry to work shifts during the Sabbath, despite Berry having explained to Sukarieh that it was against his religion to work from Friday at sunset through Saturday at sunset.

24. Sukarieh also discriminated on the basis of race; he has commented at Wendy's that it is always the Black people who want free food.

25. Sukarieh would ask to use other Wendy's employees' cell phones and make fake reviews on Berry and other Black employees.

26. Christopher Balchan, another supervisor at Wendy's, has commented in the workplace about East 55th being "hood" and used the N word.

27. Balchan has followed Berry home from work, trailing him but never asking if he needs a ride.

28. After Berry reported Sukarieh's discriminatory behavior, Sukarieh retaliated assaulted Berry, increasing the hostility in the workplace.

29. Sukarieh went out of his way to walk toward Berry, bumped into Berry with his shoulder, and stepped his leg out to trip Berry.

30. After Berry reported Sukarieh's discriminatory behavior, Sukarieh several times tried to take Berry's drawer short of money or over money to get Berry fired, in retaliation for reporting discriminatory conduct.

31. When this was brought to Sukarieh's attention by another manager, the money would somehow be found or replaced.

## COUNT ONE:
## HOSTILE WORK ENVIRONMENT & HARASSMENT
## BASED ON RELIGION AND RACE

32. The Plaintiff realleges and incorporates all preceding paragraphs as if the same were fully set forth here.

33. Harassment is a form of employment discrimination that violates Title VII of the Civil Rights Act of 1964.

34. Berry suffered unwelcomed harassment based on his religion and race that a reasonable person, including himself, would consider intimidating, hostile, humiliating, and/or abusive.

35. Haza Foods's harassment of Berry as described above was sufficiently severe and/or pervasive so as to affect the terms, conditions, and privileges of employment or any matter directly or indirectly related to employment.

4

36. Haza Foods knew or should have known of the harassment and offensive conduct and failed to take immediate and appropriate corrective action.

37. As a direct and proximate result of the harassment, Berry suffered economic and non-economic damages in an amount to be proven at trial.

## COUNT TWO:
## FAILURE TO PROVIDE REASONABLE
## RELIGIOUS ACCOMMODATIONS

38. The Plaintiff realleges and incorporates all preceding paragraphs as if the same were fully set forth here.

39. Title VII requires an employer like Haza Foods to reasonably accommodate an employee's religious beliefs or practices.

40. This means an employer may be required to make reasonable adjustments to the work environment that will allow an employee to practice his or her religion.

41. On June 29, 2023, the U.S. Supreme Court ruled in *Groff v. DeJoy* that under Title VII, employers must reasonably accommodate an employee's religious beliefs or practices unless doing so would result in substantial increased cost in relation to the conduct of the employer's particular business. The ruling explicitly rejected the "de minimis" test that was previously applied to religious accommodations.

42. As a direct and proximate result of Haza Foods's religious discrimination and failure to provide reasonable religious accommodations as described herein, Berry suffered economic and non-economic damages in an amount to be proven at trial.

## COUNT THREE:
## RETALIATION

43. The Plaintiff realleges and incorporates all preceding paragraphs as if the same were fully set forth here.

44. Berry engaged in protected activity by reporting discriminatory conduct at Wendy's.

45. A causal connection exists between Berry's protected activity and the adverse employment actions he suffered.

46. As a direct and proximate result of the retaliation, Berry has suffered economic and non-economic damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that the Court grant judgment against the Defendant on all Counts as follows:

A. That the Court award Plaintiff compensatory damages for the losses he sustained, including but not limited to, emotional distress, loss of enjoyment of life, and pain and suffering, as a result of the Defendant's unlawful conduct;

B. That the Court award Plaintiff punitive damages for Defendant's intentional, malicious, reckless, and wanton conduct, which was committed in blatant disregard of Plaintiff's rights, feelings, safety, and privileges;

C. That the Court award Plaintiff attorney's fees, costs, and pre- and post-judgment interest as to all counts at the current statutory rate; and

D.     That the Court award Plaintiff such other and further relief as may be just, equitable, and in furtherance of the public interest.

                              Respectfully submitted,

                              /s/ Kevin M. Gross
                            Lewis A. Zipkin (0030688)
                            Kevin M. Gross (0097343)
                            Zipkin Whiting Co., L.P.A.
                            3637 Green Road
                            Beachwood, Ohio 44122
                            Phone: (216) 514-6400
                            Fax: (216) 514-6406
                            Email: lawsmatter2@gmail.com
                                      kgross.zipkinwhiting@gmail.com

                            *Counsel for Plaintiff Carlos Berry*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues raised by each count of the Complaint.

                                            /s/ Kevin M. Gross
                                            Lewis A. Zipkin (0030688)
                                            Kevin M. Gross (0097343)

                                            *Counsel for Plaintiff Carlos Berry*

**CERTIFICATE OF SERVICE**

A true and correct copy of the Amended Complaint was served via the Court's CM/ECF system on November 18, 2024, upon:

Scott Coghlan, Esq.
ZASHIN & RICH
950 Main Avenue, 4th Floor
Cleveland, Ohio 44113
p: 216-696-4441 | f: 216-696-1618
sc@zrlaw.com

*Counsel for Defendant Haza Foods of Northeast, LLC*

    /s/ Kevin M. Gross
Lewis A. Zipkin (0030688)
Kevin M. Gross (0097343)

*Counsel for Plaintiff Carlos Berry*