# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS BERRY, | ) | CASE NO. 1:24-cv-01731 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE JENNIFER |
| | ) | DOWDELL ARMSTRONG |
| HAZA FOODS OF NORTHEAST, LLC, | ) | |
| | ) | **ANSWER OF DEFENDANT HAZA** |
| Defendant. | ) | **FOODS OF NORTHEAST, LLC TO THE** |
| | ) | **AMENDED COMPLAINT** |
| | ) | |
| | ) | (JURY DEMAND ENDORSED HEREON) |

Now comes Defendant HAZA Foods of Northeast, LLC ("Defendant" or "HAZA") and for its Answer to the Amended Complaint filed by Plaintiff Carlos Berry ("Plaintiff" or "Berry"), states as follows:

## PARTIES AND VENUE

1.      In response to Paragraph 1 of the Amended Complaint, Defendant admits only that Defendant employed Plaintiff from January 19, 2022, until Plaintiff voluntarily resigned his employment on or about September 25, 2023.  The basis of Plaintiff's allegations speak for themselves and therefore no response is required.  Defendant denies any remaining allegations stated therein.

2.      In response to Paragraph 2 of the Amended Complaint, Defendant admits only that it owns and operates approximately 73 Wendy's restaurants in the State of Ohio as a franchisee including a Wendy's restaurant in Middleburg Heights at the address stated.  Defendant denies that it was Plaintiff's employer at all relevant times to this action for want of knowledge and denies that Plaintiff is a current employee.  Defendant denies any remaining allegations stated therein.

3.      The allegations in Paragraph 3 of the Amended Complaint state legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the allegations for want of knowledge.

4.      The allegations in Paragraph 4 of the Amended Complaint state legal conclusions for which no response is required. To the extent that a response is required, Defendant denies that it committed any "wrongful acts and omissions." Defendant denies any remaining allegations for want of knowledge.

## STATEMENT OF FACTS

5.      In response to Paragraph 5 of the Amended Complaint, Defendant restates Paragraph 1 through 4 above as if fully rewritten herein.

6.      Defendant denies the allegations in Paragraph 6 of the Amended Complaint.

7.      In response to Paragraph 7 of the Amended Complaint, Defendant admits only that at some point during his prior employment, Plaintiff began wearing a head wrap.  Defendant denies the remaining allegations stated therein for want of knowledge.

8.      The allegations in Paragraph 8 of the Amended Complaint call for a legal conclusion and therefore no response is required.  To the extent that a response is required, Defendant denies the allegations stated therein for want of knowledge.

9.      Defendant denies the allegations in Paragraph 9 of the Amended Complaint for want of knowledge.

10.      In response to Paragraph 10 of the Amended Complaint, Defendant admits that Plaintiff advised his manager that he did not want to wear a hat bearing the Wendy's logo for religious reasons.  Defendant denies any remaining allegations stated therein for want of knowledge.

11.     Defendant denies the allegations in Paragraph 11 of the Amended Complaint.

12.     In response to Paragraph 12 of the Amended Complaint, Defendant admits only that Luay Sukarieh was a former general manager at Defendant's Middleburg Heights restaurant location.  Defendant denies the remaining allegations stated therein.

13.     In response to Paragraph 13 of the Amended Complaint, Defendant admits that Sukarieh was a supervisor of Plaintiff during his employment.  Defendant denies the remaining allegations stated therein for want of knowledge.

14.     Defendant denies the allegations in Paragraph 14 of the Amended Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Amended Complaint for want of knowledge.

16.     In response to Paragraph 16 of the Amended Complaint, Defendant denies that Plaintiff wore a head wrap and fringes for religious reasons or that his religion is Israelite Judaism for want of knowledge. Defendant denies any remaining allegations stated therein.

17.     Defendant denies the allegations stated in Paragraph 17 of the Amended Complaint for want of knowledge.

18.     Defendant denies the allegations stated in Paragraph 18 of the Amended Complaint for want of knowledge.

19.     Defendant denies the allegations stated in Paragraph 19 of the Amended Complaint for want of knowledge.

20.     Defendant denies the allegations in Paragraph 20 of the Amended Complaint for want of knowledge.

21.     In response to Paragraph 21 of the Amended Complaint, Defendant admits only that Plaintiff worked a reduced scheduled on or about the week of March 20, 2023.  Defendant denies the remaining allegations stated therein for want of knowledge.

22.     Defendant admits the allegations in Paragraph 22 of the Amended Complaint and states that Plaintiff's accommodation request was approved immediately after Defendant was notified of the request.

23.     Defendant denies the allegations in Paragraph 23 of the Amended Complaint for want of knowledge.

24.     Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Amended Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Amended Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Amended Complaint.

**COUNT ONE:**
**HOSTILE WORK ENVIRONMENT & HARASSMENT**
**BASED ON RELIGION AND RACE**

32.     In response to Paragraph 32 of the Amended Complaint, Defendant restates Paragraphs 1 through 31 above as if fully rewritten herein.

33.     The allegations in Paragraph 33 of the Amended Complaint state legal conclusion for which no response is required.  To the extent that a response is required, Defendant states that Title VII of the Civil Rights Act of 1964 speaks for itself.

34.     Defendant denies the allegations in Paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendant denies the allegations in Paragraph 36 o the Amended Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Amended Complaint.

**COUNT TWO:**
**FAILURE TO PROVIDE REASONABLE**
**RELIGIOUS ACCOMMODATIONS**

38.     In response to Paragraph 38 of the Amended Complaint, Defendant restates Paragraphs 1 through 37 above as if fully rewritten herein.

39.     The allegations in Paragraph 39 of the Amended Complaint state legal conclusions and Title VII speaks for itself and therefore no response is required. To the extent that a response is required, Defendant denies the allegations stated therein for want of knowledge.

40.     The allegations in Paragraph 40 of the Amended Complaint state legal conclusions and Title VII speaks for itself and therefore no response is required. To the extent that a response is required, Defendant denies the allegations stated therein for want of knowledge.

41.     The allegations in Paragraph 41 of the Amended Complaint state legal conclusions and the *Groff v. DeJoy* opinion speaks for itself and therefore no response is required. To the extent that a response is required, Defendant denies the allegations stated therein for want of knowledge.

42.     In response to Paragraph 42 of the Amended Complaint, Defendant denies that it discriminated against Plaintiff on the basis of religion or that it failed to provide a religious accommodation to Plaintiff and therefore denies that Plaintiff suffered economic and non-economic damages as stated therein.  Defendant denies any remaining allegations stated therein.

## COUNT THREE:
## RETALIATION

43.    In response to Paragraph 43 of the Amended Complaint, Defendant restates Paragraphs 1 through 42 above as if fully rewritten herein.

44.    The allegations in Paragraph 44 of the Amended Complaint state legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the allegations for want of knowledge.

45.    The allegations in Paragraph 45 of the Amended Complaint state legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the allegations stated therein.

46.    In response to Paragraph 46 of the Amended Complaint, Defendant denies that it retaliated against Plaintiff and therefore denies that Plaintiff suffered economic and non-economic damages as stated therein.  Defendant denies any remaining allegations stated therein.

47.    Defendant denies every allegation in the Complaint not specifically admitted herein.

48.    Defendant denies that Plaintiff is entitled to the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state claims upon which relief can be granted.

2.    This Court lacks subject matter jurisdiction over some or all of the claims alleged in the Complaint.

3.    This Court lacks personal jurisdiction over Defendant HAZA Foods of Northeast, LLC.

4.    *Farragher/Ellerth* defense.

5.    Plaintiff's claims are barred, in whole or in part, for failure to comply with the requirements of Chapter 4112 of the Ohio Revised Code.

6.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or failure to exhaust administrative remedies.

7.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

8.    Plaintiff's claims must be dismissed (and Plaintiff is not entitled to recover back-pay, front-pay, or any other compensatory or other damages), because Defendant did not terminate Plaintiff's employment.

9.    Plaintiff's claims are barred, in whole or in part, because Defendant has at all relevant times herein, acted in good faith and has not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

10.    Plaintiff's claims are subject to and fail under the business judgment and/or necessity rules.

11.     Plaintiff's claims are barred because Defendant has at all relevant times herein, acted in good faith and has not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

12.     Plaintiff's claims are barred, in whole or in part, because any decision made by Defendant regarding Plaintiff's employment was made for legitimate, non-discriminatory, non-retaliatory and non-pretextual reasons.

13.     Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

14.     Plaintiff's claims are barred because there is no causal connection between any alleged protected activity by Plaintiff and any adverse employment action (which it denies), and there is no evidence of animus by Defendant against Plaintiff.

15.     To the extent that Plaintiff has suffered any damages or injuries, which Defendant denies, such damages or injuries were not caused by Defendant's actions or conduct.

16.     Plaintiff has failed to mitigate his alleged damages.

17.     Any damages recovered by Plaintiff must be offset by any compensation (monetary or non-monetary) that Plaintiff received or could have received during the period covered by any damage award.

18.     Plaintiff is not entitled to back pay, front pay, benefits, compensatory damages, liquidated damages, pre-judgment, post-judgment interest, attorneys' fees or litigation costs and Plaintiff's prayers for such relief should be denied.

19.     Plaintiff is not entitled to punitive damages because Defendants did not engage in willful or intentional discriminatory or retaliatory conduct and did not engage in conduct with malice or reckless indifference to Plaintiff's rights.

20.     Plaintiff's claims for compensatory damages, if any, are barred or must be reduced on account of Ohio Rev. Code §§ 2315.18, 2315.19, 2315.20, 2315.21.

21.     Defendant invokes the defenses, protections and limitations of Title VII of the Civil Rights Action of 1964 as amended.

22.     42 U.S.C. § 1981a imposes a cap on non-economic and punitive damages.

23.     Defendant expressly reserves the right to raise and pursue additional defenses as the case proceeds.

WHEREFORE, having fully answered the Complaint, Defendant HAZA Foods of Northeast, LLC demands that the Complaint be dismissed at Plaintiff's costs; that judgment be entered in its favor; and that it recover its costs and expenses, including reasonable attorneys' fees, and any other relief to which it may be entitled at law or in equity or as this Court deems just and appropriate.

Respectfully submitted,

**ZASHIN & RICH CO., L.P.A.**

*/s/Scott Coghlan*
Scott Coghlan (0059856)
950 Main Ave., 4th Floor
Cleveland, OH 44113
T: 216-696-4441
F: 216-696-1618
sc@zrlaw.com

*Attorney for Defendant HAZA Foods of Northeast, LLC*

9

JURY DEMAND

Defendant demands a jury trial pursuant to Fed. R. Civ. P. 38 of those issues that may be triable by jury.

/s/Scott Coghlan
Scott Coghlan (0059856)

*Attorney for Defendant HAZA Foods of Northeast, LLC*

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Answer of Defendant Haza Foods of Northeast, LLC to the Amended Complaint* was filed electronically on December 16, 2024. Service of this filing will be made on all ECF-registered counsel or parties by operation of the court's electronic filing system.

/s/Scott Coghlan
Scott Coghlan (0059856)

*Attorney for Defendant HAZA Foods of Northeast, LLC*

11